Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
***Attorneys for Plaintiff***

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

VERONICA LOERA, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

VERIZON COMMUNICATIONS, INC.;
FRONTIER COMMUNICATIONS, INC.;
DOES 1-100, inclusive

Defendant(s).

Case No.

**CLASS ACTION COMPLAINT**

(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.) and
(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)

**Jury Trial Demanded**

Plaintiff Veronica Loera ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant VERIZON COMMUNICATIONS, INC. and FRONTIER COMMUNICATIONS, INC. (hereinafter "Defendants") to redress a nationwide class of consumers ("Class Members") who were charged interest and late fees they did not owe, within the applicable statute of limitations period, by Defendant.

2. Defendant FRONTIER COMMUNICATIONS, INC. is a Delaware corporation and is engaged in the business of providing communications services in California to a large class of consumers.

3. Defendant VERIZON COMMUNICATIONS, INC. is a Delaware corporation and is engaged in the business of providing communications services in California to a large class of consumers.

4. In or around April, 2016, Defendants engaged in a merger of their two business entities.

5. Plaintiff and others similarly situated who were consumers and customers of VERIZON, were not notified of the merger, and were instead rolled over to become FRONTIER customers after the merger. Plaintiff and others similarly situated were without service, but made to pay for service nonetheless. Plaintiff and others similarly situated were also charged inexplicable cancellation fees as a part of the rollover, despite being in and under contract with VERIZON prior to the merger.

6. Defendant's misrepresentations and violations to Plaintiff and others similarly situated caused them to incur damages, which would not have occurred absent the unfair conduct and willful withholding of information by Defendant and its employees. In so doing, Defendant has violated California consumer protection

statutes.

## JURISDICTION AND VENUE

7. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

8. This matter is properly venued in the United States District Court for the Central District of California, in that Defendant does business in the Central District of California and has its principal place of business and headquarters within this district. A substantial portion of the events giving rise to Defendant's liability took place in this district.

9. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

10. In the case at bar, there are at least 1000 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

11. Plaintiff VERONICA LOERA is a citizen and resident of the State of California, County of San Bernardino.

12. Defendant FRONTIER COMMUNICATIONS, INC. is a corporation with a principle place of business located with its headquarters in the State of

California, County of San Bernardino.

13. Defendant VERIZON COMMUNICATIONS, INC. is a corporation with a principle place of business located with its headquarters in the State of California, County of San Bernardino.

14. Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its principle place of business in California, and were disseminated from California, nationwide.

15. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales or products and services, and the allegedly unlawful acts originated, which is California.

16. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

17. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

18. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and

abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

19. Ms. Loera's claims arise out of the Verizon/Frontier merger. At all times, Ms. Loera was a Verizon customer, with a contract for a set amount for her service.

20. Ms. Loera was not notified of the Verizon/Frontier merger at any time, nor was she given a notification that she was going to be rolled over into being a Frontier customer after the merger took place.

21. Similarly, Ms. Loera was never notified of any contract cancellation of her existing contract with Verizon.

22. Yet, incredibly, after the Frontier/Verizon merger took place, Ms. Loera, and similarly situated consumers, were charged a $200 cancellation fee, for a service she had never contracted into, or cancelled for that matter. This fraudulent and unfair conduct is a violation of both the CLRA and B&P 17200.

23. Further, after the merger (and without any notification), Ms. Loera's service was interrupted during the first part of the month of April, causing Ms. Loera severe hardships which affected her ability to communicate and work from home, which is critical to her livelihood and ability to earn a living.

24. Ms. Loera was never issued a refund for the extended period of time that she was without service as a result of this merger.

25. Further, because she was not given any prior notification, Ms. Loera was unable to make arrangements for alternate work accommodations during this time, causing her additional damages.

26. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

27. Plaintiff is informed, believes, and thereupon alleges that such representations, and failure to inform consumers of these charges and that they

would result from the merger, were part of a common scheme to mislead consumers and incentivize them to continue to purchase Defendant's services.

28. Due to the fact that she was an existing Verizon customer, Plaintiff relied upon Defendant's representations.

29. Plaintiff would not have become a FRONTIER customer if she knew that she was going to be charged for services she did not receive, and for cancellations she did not make. Further, Plaintiff would not have consented to a FRONTIER rollover, if she had known that she would be without service for the better part of a month.

30. Had Defendant properly marketed, advertised, and represented the true facts regarding the merger process, Plaintiff would not have been forced to pay a cancellation fee, and would not have been without service.

31. Defendant benefited from fraudulently concealing the facts surrounding the merger and rollover. Plaintiff received nothing for giving her money to Defendant. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

32. Had Defendant properly marketed, advertised, and represented the rollover and merger, no reasonable consumer would have been made to pay for fees which they did not incur.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

34. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, were charged hidden fees or late fees they did not owe or agree to, after the VERIZON/FRONTIER merger.

And

All consumers, who, between the applicable statute of limitations and the present, suffered a service interruption, and were not refunded fees for the service interruption.

35. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

36. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

37. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

38. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

39. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

40. Rather, all claims in this matter arise from the identical, false, affirmative written statements that the services would be provided for Class Members', when in fact, such representations were false.

41. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices with respect to Plaintiff and other Class Members;

(b) Whether Defendant made misrepresentations with respect to the charges which would result from the merger which would be charged to consumers;

(c) Whether Defendant profited from the sale of the services;

(d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.;

(e) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.;

(f) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(g) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(h) The method of calculation and extent of damages for Plaintiff and Class Members.

42. Plaintiff is a member of the class she seeks to represent

43. The claims of Plaintiff are not only typical of all class members, they are identical.

44. All claims of Plaintiff and the class are based on the exact same legal theories.

45. Plaintiff has no interest antagonistic to, or in conflict with, the class.

46. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff paid a higher interest from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Class Members as demonstrated herein.

47. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

48. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

49. Plaintiff incorporates by reference each allegation set forth above.

50. Pursuant to California Business and Professions Code section 17500, *et seq*., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

51. California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

52. Defendant misled consumers by making misrepresentations and by fraudulently withholding crucial information about the merger between the Defendants, which resulted in unfair and hidden charges to it's consumers.

53. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

54. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations her account and contract, namely that the services she was paying

for were the only charges she would incur.

55. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

56. The misleading and false conduct described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

57. Plaintiff incorporates by reference each allegation set forth above.

58. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as

ongoing misconduct.

**UNFAIR**

59. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

60. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

61. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to charge them falsely described interest. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

62. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that to remain customers of Verizon/Frontier, after the merger that they had no knowledge of, in order to induce them to spend money for fees they had actually

not incurred. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

63. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. Defendant failed to take reasonable steps to inform Plaintiff and class members of the merger, and the consequences thereof, including failing to provide an opportunity to Plaintiff and class members to opt out of this rollover. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to pay higher prices. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

64. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

65. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

66. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

67. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Plaintiff's reliance upon Defendant's deception is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the

public.

68. As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest as producing the services.

69. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

70. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

71. As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest, falsely representing the interest rate..

72. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to charge higher interest, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the higher interest, Plaintiff and Class Members would not have paid for hidden rollover. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

73. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

74. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

75. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

76. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

77. Plaintiff, on behalf of himself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the charging hidden fees during the relevant class period;

(e) Punitive damages, as allowable, in an amount determined by the Court or jury;

(f) Any and all statutory enhanced damages;

(g) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h) Pre- and post-judgment interest; and

(i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: March 3, 2017

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s Todd. M. Friedman

TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff Hung Duong